## No. 1930
### Second Circuit

**WILLIAM E. NOEL, SR., v. WILLIAM ELDER**

(October 21, 1925, Opinion and Decree)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Landlord and Tenant —Par. 102.**

Where the defendant's demand for damages were on the ground only that plaintiff's provisional seizure was wrongfully obtained, defendant could not recover for the wrongful seizure of property not subject to seizure under the writ.

2. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact, being manifestly correct, is affirmed.

3. **Louisiana Digest—Landlord and Tenant —Par. 102; Attorneys—Par. 70.**

Where the testimony is not clear to show what portion of attorney's fees were for defending the suit as a whole and what portion was due for dissolving the writ of provisional seizure, the defendant's demand for damages for attorney's fees must be denied.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

This is a suit under a writ of provisional seizure for rent of a tract of land.

The defendant denied liability and asked that the provisional seizure be dissolved with damages.

There was judgment for plaintiff and rejecting reconventional demand.

Defendant appealed.

Judgment affirmed.

Herndon & Herndon, of Shreveport, attorneys for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J. This is a suit under a writ of provisional seizure claiming $650.00 as rent of a tract of land on the Mooringsport-Shreveport road for the years 1921 and 1922.

Defendant denied liability and asked that the writ of provisional seizure be dissolved for the reason that the affidavit on which it was issued was insufficient in law and unfounded in fact, and in reconvention asked for $250.00 damages for the wrongful issuance of the writ.

There was judgment for plaintiff for $168.50 for rent for the year 1921 and defendant's reconventional demand was rejected. Defendant has appealed.

The testimony of W. E. Noel, Sr., establishes that defendant leased plaintiff's farm for the year 1920 and retained same in possession and cultivated same during the years 1921 and 1922.

Under the law of reconduction defendant owed plaintiff rent for the place for the years 1921 and 1922.

The district judge, in a well-reasoned written opinion gave plaintiff judgment for $168.50 as rent for the year 1921, holding that the rental was two bales of cotton per annum, and that defendant had paid the rent for the years 1920 and 1922, and rejected defendant's demand for damages for the reason that defendant had only asked for damages on the ground that plaintiff's seizure was wrongfully obtained and therefore defendant could not recover under his pleadings for the wrongful seizure of property not subject to seizure under the writ.

This holding of the District Court is correct.

But defendant insists that the pleadings have been enlarged by evidence introduced without objection.

This principle of pleading is well established and recognized in our jurisprudence, but the evidence relied on by defendant as an enlargement of the pleadings is not sufficient to base a judgment for damages on.

Defendant in his testimony dealing in glittering generalities as to the value of his time and as to the value of oil and gas, but nowhere says that any of his losses complained of was caused by the illegal issuance of the writ of provisional seizure or the illegal seizure of his property under said writ. He frankly admits that he made no complaint to plaintiff or his attorneys on account of his property being seized on which plaintiff had no privilege and that he made no effort to get the same released from seizure. His entire effort was directed towards defeating plaintiff's claim for rent for the year 1921.

Defendant testified, page 29:

"Q. Now this cotton was left there in your care, where it was at the time that it was seized. Is that correct?

"A. Yes, sir.

"Q. Did you ever try, in any way, did you ever go to Noel Bros. or their lawyers and try to get the three bales released, stating that it did not come off the Noel place?

"A. Never have.

"Q. Did you ever go and try to get the corn released on the ground that it was seized fifteen days after it had been removed from the place?

"A. No, sir, never did."

Any damage that might have occurred to the cotton seized under the circumstances as shown by the defendant's testimony could not be recovered against plaintiff.

Barrimore vs. McFeely, 32 Ann. 1179.
Defendant further testified, page 29:

"Q. How come you to make three trips to see about it?

"A. Three trips; the first trip I made was to see a lawyer and the next time I came back to see and talk with the lawyer about whether we wanted to get it released or let continue under seizure, and then the trip today.

"Q. No trouble about getting it released?

"A. If we had wanted it released we could have bonded it."

And on page 30:

"Q. Did you ever make any effort, ever go to Noel or his attorneys, and ask for the release of the corn on the ground that it had been removed from the place more than fifteen days?

"A. No, sir.

"Q. Then you came down here to see a lawyer when the seizure first took place, employed a lawyer?

"A. Yes, sir.

"Q. Now what other trip did you make specially to see about the cotton?

"A. Well, the second trip was to see in regard to whether—come to see, thought probably wanted it released, get a general opinion on it, talk to the attorney."

And on page 24:

"Q. You had a contract with your attorneys, did you?

"A. Yes, sir.

*  *  *  *

"Q. For the attorney's fees for dissolving the writ of provisional seizure, or representing you in the suit generally?

"A. I do not know, both I suppose."

From this testimony it is clear that the court is unable to say what portion of the attorney's fees are for defending the suit as a whole and what portion was due for dissolving the writ of provisional seizure, and defendant's demand for damages for attorney's fees must be denied.

The judgment of the District Court is correct, and it is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed.